106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Howard SIMMONS, Petitioner-Appellant,
v.
John M. HURLEY, Respondent-Appellee.
 No. 95-3168.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 In this habeas corpus proceeding, Howard Simmons challenges the decision of the United States Parole Commission to revoke his parole and reincarcerate him for a period longer than prescribed by the applicable guideline range. Simmons's sole argument on appeal is that the Commission denied him due process by assigning him an offense severity rating based upon a criminal charge of which he was acquitted. We affirm.
 
 
 2
 Simmons was indicted in the Circuit Court of Cook County, Illinois in October 1993 on charges of attempted murder, unlawful possession of a firearm, and aggravated battery with a firearm. The record before us is sparse, but Simmons apparently was found not guilty of the aggravated battery charge. The record does not indicate how Simmons fared under the remaining charges. The Parole Commission determined that Simmons violated the terms of his parole by committing an assault causing serious bodily injury, and by possessing a firearm. The Commission revoked Simmons's parole and assigned him an offense severity rating of eight. This rating was subsequently lowered to seven by the Commission's appellate arm, the National Appeals Board, which acknowledged Simmons's acquittal but emphasized that it could not "adequately determine [his] suitability for parole unless it consider[ed] this assault."
 
 
 3
 Simmons filed his petition for a writ of habeas corpus, 28 U.S.C. § 2241, challenging (1) the adequacy of the assistance of counsel he received during his parole revocation proceeding, and (2) the appropriateness of the evidence upon which the Parole Commission relied when revoking his parole and assigning him an offense severity rating. The district court denied the petition.
 
 
 4
 Simmons renews only his second claim on appeal. Specifically, he argues that the Commission should not have considered the aggravated battery charge in making its parole determination.
 
 
 5
 As we have repeatedly noted, " '[i]t is apparent that Congress intended to give the Parole Commission great latitude in making decisions relative to [parole] revocation.' " Walrath v. Getty, 71 F.3d 679, 684 (7th Cir.1995) (quoting Luther v. Molina, 627 F.2d 71, 75 (7th Cir.1980)). Because the Commission has wide discretion in making such decisions, federal courts should grant habeas corpus relief only in limited circumstances. Id. "Thus, when a district court reviews a decision of the Parole Commission on a habeas corpus petition, '[t]he inquiry is not whether the [Commission] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.' " Id. (citations omitted).
 
 
 6
 Simmons argues that the Commission was precluded from considering the aggravated battery charge because he was acquitted on that very charge in state court. In support of this argument, he directs our attention to 28 C.F.R. § 2.19(c), which provides in pertinent part: "The Commission shall not consider in any determination charges upon which a prisoner was found not guilty after trial."
 
 
 7
 The provision upon which Simmons relies, however, was subsequently removed in 1991 by the Commission in a revised regulation. See 56 Fed.Reg. 30867, July 8, 1991, effective Aug. 7, 1991. The new regulation permits the use of charges that have resulted in an acquittal, provided that certain standards are met. That regulation provides in relevant part:
 
 
 8
 If the Commission is given evidence of criminal behavior that has been the subject of an acquittal in a ... state ... court, the Commission may consider that evidence if:
 
 
 9
 (1) The Commission finds that it cannot adequately determine the prisoner's suitability ... to remain on parole, unless the evidence is taken into account;
 
 
 10
 (2) The Commission is satisfied that the record before it is adequate notwithstanding the acquittal;
 
 
 11
 (3) The prisoner has been given the opportunity to respond to the evidence before the Commission; and
 
 
 12
 (4) The evidence before the Commission meets the preponderance standard.
 
 
 13
 28 C.F.R. § 2.19(c). According to the Commission's summary of the final rule:
 
 
 14
 The Commission is removing a provision in its regulations that prohibited (with certain exceptions) consideration of charges upon which a prisoner was found not guilty after trial. The revised regulation substitutes a statement of general policy with respect to the use of such charges. The change reflects recent federal court decisions concerning the authority of a sentencing judge to consider the same type of evidence. The rule is intended to prevent certain situations in which the application of the prohibition has produced parole results inconsistent with the statutory criteria for parole at 18 U.S.C. § 4206.
 
 
 15
 56 Fed.Reg. 30867 (1991).
 
 
 16
 In the present case, the National Appeals Board explicitly found that factors one and two of § 2.19(c) had been met. Simmons does not challenge those findings, nor does he suggest that he was prevented from responding to the evidence before the Commission (factor three). Simmons also does not deny that the evidence before the Commission satisfied the preponderance standard (factor four). See United States v. Watts, No. 95-1906, --- S.Ct. ----, 1997 WL 2443, at * 5 (U.S. Jan. 6, 1997) ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.") Indeed, the revocation of parole is proper when supported merely by reasonable grounds, unlike criminal proceedings which require the more stringent standard of proof "beyond a reasonable doubt." See Morrissey v. Brewer, 408 U.S. 471, 490 (1972); Thompson v. Duke, 882 F.2d 1180, 1186 (7th Cir.1989). Simmons has not provided sufficient detail to show that the Commission lacked reasonable grounds in revoking his parole and setting his offense severity rating.
 
 
 17
 For the foregoing reasons, we AFFIRM the judgment of the district court dismissing Simmons's petition for a writ of habeas corpus.
 
 
 
 *
 No respondent was served in the district court, and no respondent has appeared in this appeal. After the named appellee filed a "Motion for an Order of Non-Involvement," this court ordered this appeal to be submitted for decision on the brief of the appellant without the filing of a brief by the appellee. Subsequently, after an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)